Citation Nr: 1532783 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 05-35 817A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for a low back disability.

2. Entitlement to an increased rating for the service-connected conversion disorder, currently rated as 50 percent disabling. 

3. Entitlement to an effective date prior to January 27, 2010 for the assignment of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: Robin M. Webb, Attorney


WITNESS AT HEARING ON APPEAL

Appellant
ATTORNEY FOR THE BOARD

L. B. Cryan, Counsel


INTRODUCTION

The Veteran had active duty service from December 1985 to February 1988.

The issue of entitlement to service connection for low back disability came to the Board of Veterans' Appeals (Board) on appeal from a February 2004 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). In that decision, the RO determined that new and material evidence had not been received to reopen a previously denied claim of service connection for low back scoliosis. 

The issue of entitlement to an increased rating for the service-connected conversion disorder, currently rated as 50 percent disabling came to the Board on appeal from a November 2004 RO rating decision which confirmed and continued the previously assigned 50 percent rating. 

In June 2008, the Veteran testified at a Board hearing before a Veterans Law Judge (VLJ) at the RO. A transcript of that proceeding is of record. The Veteran was informed in June 2015 that the VLJ who presided over the June 2008 hearing had retired from the Board; and, she was notified that she had the opportunity for another hearing before a VLJ who would ultimately decide her appeal. By July 2015 correspondence, the Veteran's attorney has respectfully requested to reserve the right to request another hearing after she reviews the Veteran's record. 

In a September 2008 decision, the Board reopened the claim of service connection for a low back disability and remanded that claim, as well as the claim for a rating in excess of 50 percent for the service-connected conversion disorder, for additional development of the record. 

In an August 2011 decision, the Board, in pertinent part, denied an increased rating for the service-connected conversion disorder, currently rated as 50 percent disabling. The Board once again remanded the issue of service connection for a low back disability. 

The Veteran appealed the Board's August 2011 denial of entitlement to an increased rating for conversion disorder to the United States Court of Appeals for Veterans Claims (Court). 

While this claim were pending at the Court, the Veteran's representative and the VA Office of General Counsel filed a Joint Motion requesting that the Court vacate the Board's decision and remand the case to the Board for further development and readjudication. In a January 2012 Order, the Court granted the Joint Motion. The case was returned to the Board. 

Meanwhile, the RO issued a rating decision in May 2012 which granted entitlement to a TDIU, effective from January 27, 2010. 

In July 2012, the Board remanded for development the claims of entitlement to service connection for a low back disability and entitlement to a disability rating in excess of 50 percent for the service-connected conversion disorder. 

This appeal was processed using the Virtual Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

As noted, this case was most recently before the Board in July 2012. The Board remanded the claims of service connection for a low back disability and entitlement to a disability rating in excess of 50 percent for the service-connected conversion disorder for additional development of the record. 

On remand, it appears that a significant portion of the requested development was completed. For example, additional medical records were obtained and the Veteran was afforded a VA psychiatric examination in February 2013. 

The Agency of Original Jurisdiction (AOJ), however, did not thereafter readjudicate the claims on appeal before sending the case back to the Board. In other words, the AOJ did not subsequently issue a rating decision or supplemental statement of the case (SSOC) before sending the case back to the Board. This is prejudicial error requiring remand. Moreover, the July 2012 remand specifically directed the RO, after completion of the requested development, to review the entire record and readjudicate the issues on appeal; and, issue an SSOC with an appropriate amount of time to respond if the benefits sought on appeal remained denied. This was not accomplished. 

Importantly, a remand by the Board imposes upon the Secretary of the VA a concomitant duty to ensure compliance with the terms of the remand. Additionally, where the remand orders of the Board are not complied with, the Board errs in failing to insure compliance. Stegall v. West, 11 Vet. App. 268 (1998).

Finally, as noted above, the RO issued a rating decision in May 2012 granting entitlement to a TDIU, effective from January 27, 2010. In December 2012, the RO received the Veteran's Notice of Disagreement (NOD) with the January 27, 2010 effective date assigned for the TDIU. The RO has yet to issue a Statement of the Case addressing this issue. Where a NOD has been submitted, the Veteran is entitled to a Statement of the Case (SOC). The failure to issue a SOC is a procedural defect requiring a remand. Manlincon v. West 12 Vet. App. 238 (1999); Godfrey v. Brown, 7 Vet. App. 398 (1995).

Accordingly, the case is REMANDED to the RO for the following action:

1. Provide the veteran with a SOC as to the issue of entitlement to an effective date prior to January 27, 2010 for the assignment of a TDIU in accordance with 38 U.S.C.A. § 7105 (West 2014) and 38 C.F.R. §§ 19.29, 19.30 (2014). If, after receiving the SOC, the Veteran then perfects his appeal by submitting a timely and adequate substantive appeal (e.g., VA Form 9), then the RO should return the claim to the Board for the purpose of appellate disposition.

2. Complete any outstanding development requested in the July 2012 remand, as well as any additional development deemed necessary with regard to the claims of service connection for a low back disability and entitlement to a disability rating in excess of 50 percent for the service-connected conversion disorder. In this regard, the RO must address all additional evidence added to the record since the July 2012 remand, including, but not limited to the Veteran's statements in support of her claims. Then, the RO should review the expanded record and readjudicate the issues on appeal. If any benefit sought on appeal remains denied, the RO should issue an appropriate SSOC, and give the Veteran and her attorney the opportunity to respond. The case should then be returned to the Board, if in order. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).